UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES THOMAS Dr., MD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:15-cv-00640-SEB-DML |
| | ) | |
| INDIANA PHYSICIAN MANAGEMENT – | ) | |
| RUSH, LLC, | ) | |
| ST. VINCENT RANDOLPH HOSPITAL INC., | ) | |
| and JOSHUA GEESY an individual, | ) | |
| | ) | |
| Defendants. | ) | |

## Report and Recommendation on Pending Motions

The plaintiff, Dr. Thomas, has now unequivocally expressed by filing his request to dismiss his case without prejudice. None of the defendants has opposed that request.[1] The magistrate judge therefore recommends that the plaintiff's motion to withdraw lawsuit (Dkt. 54) be GRANTED and that this action be dismissed without prejudice. The magistrate judge further recommends in connection with dismissal that defendant St. Vincent's motion for judgment on the pleadings (Dkt. 38) and defendant Indiana Physician Management-Rush, LLC's ("IPM") motion for judgment on the pleadings (Dkt. 45) be DENIED AS MOOT.

The resolution of the above motions leaves two related matters: the issue of IPM's attorney fees that the court took under advisement in its order of December

---

[1] Dr. Thomas indicated his desire to dismiss by filing docketed January 19, 2016 (Dkt. 54). The court directed further clarification of that request on January 21, 2016 (Dkt. 55). The defendants have not objected.

31, 2015 (Dkt. 50) and defendant IPM's motion for attorney fees and sanctions (Dkt. 53). With that motion, IPM seeks an award of fees against Dr. Thomas for failing to comply with the court's order on its motion to compel and for failing to show cause, as required by the court's discovery order, why he should not be required to pay IPM's fees in connection with its motion to compel.

Dr. Thomas responded to IPM's motion for attorney fees on February 8, 2016.[2] The gist of Dr. Thomas's response is that he provided his attorney (now withdrawn) with the discovery information necessary to comply with the court's order compelling it and that any failure was his attorney's. (*See* Dkt. 56.) That is not a matter the court need untangle. Rules 37(b)(2) and 37(d) make the party responsible for failure to comply with discovery obligations; the responsibility as between lawyer and client is in fact between lawyer and client.

The magistrate judge has reviewed IPM's original motion to compel (Dkt. 41) as well as its motion for sanctions (Dkt. 53), which advised the court of the plaintiff's continuing failure to comply with his discovery obligations. These filings are short and straightforward, and the court estimates they required about two hours of attorney time. Under the circumstances, further litigation over the fee amount is not appropriate and an approximation is the most reasonable way of drawing this case to a close. The magistrate judge recommends that a sanction of $500.00 in favor of IPM and against Dr. Thomas be entered.

---

[2]     This response was late under Local Rule 7-1, and the court had advised Dr. Thomas in its January 21, 2016 order that under the local rule, his response was due January 28, 2016.

Any objections to this Report and Recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).  The failure to file objections within fourteen days after service will constitute a waiver of subsequent review absent a showing of good cause for that failure.  The parties should not anticipate any extension of this deadline or any other related briefing deadlines.

IT IS SO RECOMMENDED.

Dated:  February 16, 2016

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system